UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LUIS OSORIO,

        Movant,

    -vs-

UNITED STATES OF AMERICA,

        Respondent.

**DECISION AND ORDER**

**Civil Case
No. 1:16-cv-00845-MAT**

**Criminal Case
No. 1:12-cr-00088-MAT**

---

## I. Introduction

Luis Osorio ("Osorio" or "Movant"), represented by counsel, filed a Motion to Correct Sentence (Dkt #177) pursuant to 28 U.S.C. § 2255 ("the Section 2255 Motion"). Osorio asserts that his sentence is unconstitutional based on <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) ("<u>Johnson</u>").

## II. Factual Background and Procedural History

On April 15, 2014, Osorio was sentenced to a term of 72 months' imprisonment after the Court (Skretny, D.J.) adopted the presentence report (Dkt #153) and found that Osorio had at least one prior conviction that qualified as a "crime of violence" as defined in U.S.S.G. § 4B1.2.(a). Specifically, Judge Skretny found that Osorio had sustained a prior New York conviction for attempted first-degree assault. This finding resulted in the application of an enhanced base offense level under U.S.S.G. § 2K2.1(a)(3). Judgment was entered on April 23, 2014. (Dkt #152).

In his Section 2255 Motion (Dkt #177) filed on June 14, 2016, Osorio argues that in light of the Supreme Court's decision in <u>Johnson</u>, there is no longer any basis for the enhanced base offense level in U.S.S.G. § 2K2.1(a)(4)(A) because the Supreme Court struck down the residual clause under which attempted first-degree assault was found to be a "crime of violence." Osorio contends that attempted first-degree assault is not an enumerated offense; nor does not qualify under the force clause since it does not categorically contain an element of physical, violent force.

On August 17, 2017, the Federal Public Defender ("FPD"), filed a Motion to Withdraw (Dkt #187) as Osorio's counsel.

Respondent subsequently filed a Motion to Dismiss (Dkt #189) the Section 2255 Motion based on the Supreme Court's March 6, 2017 decision in <u>Beckles v. United States</u>, ___ S. Ct. ____, 2017 WL 855781 (2017). Respondent also filed a Response (Dkt #191) to the FPD's Motion to Withdraw indicating that it did not oppose the motion. Osorio did not file papers in opposition to the FPD's Motion to Withdraw or Respondent's Motion to Dismiss.

For the reasons discussed below, Osorio's Section 2255 Motion is dismissed.

**III. Discussion**

As a threshold matter, the Court must determine whether Osorio's motion to vacate is timely under 28 U.S.C. § 2255(f), which sets forth a one-year statute of limitations. Specifically,

a "movant must file within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the right asserted is recognized initially by the Supreme Court, if it has been made available retroactively to cases on collateral review; or (4) when the facts supporting a claim could have been discovered through the exercise of due diligence." Aiken v. United States, No. 06 CR 479 JFK, 2013 WL 4457372, at *1 (S.D.N.Y. Aug. 20, 2013) (citing 28 U.S.C. § 2255(f)(1)-(4)). Here, the only two subsections that could possibly apply to Osorio's case are subsection (1) or subsection (4).

For purposes of Section 2255(f)(1), it is well established that "'a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction . . . [i.e.,] 90 days after entry of the Court of Appeals' judgment.'" Clay v. United States, 537 U.S. 522, 525 (2003); see also 28 U.S.C. § 2101(c); S. CT. R. 13.1 ("[A] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort or a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").

Here, however, Osorio did not appeal his conviction. The Second Circuit has held that, "for purposes of § 2255 motions, an

unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005) (collecting circuit authority).

Osorio's judgment of conviction was entered on Wednesday, April 23, 2014. Under Federal Rule of Appellate Procedure ("F.R.A.P.") 4(b), a defendant's notice of appeal from a judgment of conviction must be filed within ten (10) days. Pursuant to F.R.A.P. 26(a)(2), as amended effective December 1, 2002 and as currently enacted, the time for filing a notice of appeal is computed by excluding intermediate Saturdays, Sundays, and legal holidays. Moshier, 402 F.3d at 118 n. 1. Therefore, Osorio's conviction became final for purposes of Section 2255(f)(1) on Wednesday, May 7, 2014, the date on which his time to file a direct appeal expired. Osorio filed Section 2255 motion on June 14, 2016, two years, one month, and seven days (769 days) after his conviction became final. Therefore, his motion was untimely under Section 2255(f)(1).

Osorio cannot avail himself of the later start date in 28 U.S.C. § 2255(f)(3). In order to fall within the limitations period of Section 2255(f)(3), Osorio must show that application of Johnson to Guidelines claims on collateral review "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). In Beckles, however, the Supreme Court held that the Guidelines are

-4-

not subject to vagueness challenges under the Due Process Clause of the United States Constitution and, therefore, U.S.S.G. § 4B1.2(a)(2)'s residual clause is not void for vagueness. In other words, the Supreme Court held that <u>Johnson</u> is not applicable to Guidelines challenges at all, let alone Guidelines challenges on collateral review. Therefore, Osorio cannot rely on Section 2255(f)(3)'s later start date of the statute of limitations. Osorio's Section 2255 Motion is untimely on its face.

In certain situations, Section 2255 movants are entitled to equitable tolling of the limitations deadline. <u>See</u> <u>Smith v. McGinnis</u>, 208 F.3d 13, 17 (2d Cir. 2000). A defendant must satisfy the following two elements: First, he must show that he exercised "reasonable diligence" during the limitations period, and second, that "extraordinary circumstances" prevented him from timely filing. <u>Hizbullahankhamon v. Walker</u>, 255 F.3d 65, 75 (2d Cir. 2001). Here, Osorio was not prevented by "extraordinary circumstances" from timely filing; rather, he elected to file the instant proceeding only after learning of Supreme Court's potentially favorable <u>Johnson</u> decision. As there is no basis for applying equitable tolling to limitations period in this case, and Osorio's Section 2255 Motion is untimely, it must be dismissed.

**IV. Conclusion**

For the reasons discussed above, Respondent's Motion to Dismiss (Dkt #189) is **granted**, and the Section 2255 Motion

-5-

(Dkt #177) filed by Luis Osorio is **dismissed as untimely.** Because jurists of reason would not find it debatable whether this Court was correct in its procedural ruling and because the Section 2255 Motion does not involve constitutional claims that would be debatable to jurists of reason, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); see also Matias v. Artuz, 8 Fed. Appx. 9, 11, 2001 WL 300543, at **3 (2d Cir. Mar. 27, 2001) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

The FPD's unopposed Motion to Withdraw as Counsel for Osorio (Dkt #187) is **granted.**

The Clerk of Court is directed to close Civil Case No. 1:16-cv-00485-MAT.

**SO ORDERED.**

S/Michael A. Telesca

HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated: September 11, 2017
Rochester, New York.